**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CARL S. GOLDBERG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:23-CV-67-JAR |
| ) | |
| MICHELE BUCKNER, ) | |
| ) | |
| Respondent. ) | |

## ORDER OF DISMISSAL

This matter is before the Court on review of the file. On January 12, 2023, self-represented petitioner Carl S. Goldberg filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Missouri. ECF No. 1. On January 13, 2023, this action was transferred to the Eastern District of Missouri for the reason that petitioner's claims relate to his conviction in the Circuit Court of Monroe County, Missouri. ECF No. 3 (citing 28 U.S.C. § 2241(d)).

On January 25, 2023, the Court reviewed petitioner's application and determined that it appeared untimely. The Court explained:

> Petitioner did not appeal from his sentence entered on June 7, 2018. Pursuant to Missouri Supreme Court Rule 30.03, a conviction and sentence becomes final with the expiration of the ten-day period for filing a notice of appeal. As petitioner did not appeal, his judgment became final under § 2244(d)(1)(A) on June 18, 2018, and the limitations period began to run.
>
> Because the Missouri Court of Appeals of the Eastern District found petitioner's Rule 24.035 motion untimely and, thus, not properly filed, the motion and subsequent appeal regarding that untimely motion did not toll the limitations period during its pendency. See § 2254(d)(2); *Pace* [*v. DiGuglielmo*], 544 U.S. [408] at 413 [2005]. The limitations period, therefore, expired on June 18, 2019, well before petitioner filed the instant petition for writ of habeas corpus.

ECF No. 5. Consequently, the Court directed petitioner to show cause, within thirty days, why his petition should not be dismissed as untimely and procedurally defaulted. Plaintiff was warned that if he failed to comply, the Court would dismiss this action without prejudice.

To date, petitioner has not filed a response and the time for doing so has passed. The Court has given petitioner an opportunity to show that his petition was not untimely, but he has failed to do so. Therefore, this case will be dismissed without prejudice for untimeliness. *See* 28 U.S.C. § 2244(d)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED and DISMISSED without prejudice**. 28 U.S.C. § 2244(d)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Dated this 10th day of March, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE